UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

LINDA LUXENBERG and )
KELCEY LUXENBERG, as )
Guardians and next best friends of )
JOHN DOE; and )
LINDA LUXENBERG, for herself, )
     Plaintiffs, )
   )
     v. )
   )
VERMONT DEPARTMENT OF )   Case No.: 2:22-cv-00188-cr
DISABILITIES, AGING AND )
INDEPENDENT LIVING; )
MONICA WHITE in her official and )
individual capacities; JENNIFER )
GARABEDIAN, in her official and )
individual capacities; WASHINGTON )
COUNTY MENTAL HEALTH )
SERVICES, INC., and MARY )
MOULTON, in her official and )
individual capacities; )
     Defendants. )

## ANSWER of THE VERMONT DEPARTMENT OF DISABILITIES, AGING AND INDEPENDENT LIVING, MONICA WHITE and JENNIFER GARABEDIAN

Now come defendants, the Vermont Department of Disabilities, Aging and Independent Living ("DAIL"), DAIL Commissioner Monica White and Jennifer Garabedian, Director of DAIL'S Developmental Disabilities Services Division, through counsel, and hereby ANSWER the Plaintiffs' October 18, 2022 *Verified Complaint.*

1.     ADMITTED.

2.     ADMITTED, although there is a pending motion in the Washington
Probate Division of the Vermont Superior Court seeking to remove the co-
guardians.

3.     DENIED.

4.     ADMITTED.

5.     ADMITTED.

6.     ADMITTED.

7.     ADMITTED that Washington County Mental Health Services ("WCMHS")
is a non-profit organization in Vermont and is a Designated Agency that is
part of Vermont's system of providing services to people with disabilities.
Defendants lack knowledge or information sufficient to form a belief about
the truth of the averment that WCMHS independently receives federal
funding and thus DENY said averment.

8.     ADMITTED.

## JURISDICTION AND VENUE

9.     This paragraph contains only citations to the law and requires no
response.  To the extent a response if required, defendants DENY this
averment.

10.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

11.    ADMITTED that all defendants either reside in Vermont or are governmental entities or Vermont nonprofit organizations.  Defendants lack knowledge or information sufficient to form a belief about whether all plaintiffs are residents of Vermont and thus DENY said averment.

12.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

13.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

14.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

15.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

16.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

17.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

18.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

19.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

20.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

21.    ADMITTED.

22.    ADMITTED.

23.    ADMITTED that Designated Agencies are obligated by DAIL to provide services to eligible individuals in each of Vermont's 14 counties (each referred to as a "catchment area"). Admitted that Designated Agencies must provide services directly or contract with other providers or individuals to deliver support and services consistent with available funding, state and local System of Care Plans and state and federal guidelines.

24.    This paragraph contains only citations to the law and requires no response. To the extent a response if required, defendants DENY this averment.

25.    ADMITTED that WCMHS is the Designated Agency for Washington County, where John Doe resides. Whether a Designated Agency "is obligated" to provide John Doe services that comport to plaintiffs' description ("obligated to provide adequate services to him and his family which comport with the above-described legal framework") is a legal conclusion to which no response is required. To the extent a response if required, defendants DENY this averment.

## FACTUAL ALLEGATIONS

26.    ADMITTED.

27.    ADMITTED.

28.    ADMITTED that Doe lived in a house in Waitsfield, Vermont, and was assisted by Upper Valley Services. DENIED that Upper Valley Services is a Specialized Services Agency. ADMITTED that Upper Valley Services receives funding from DAIL.

29.    ADMITTED that Doe experienced a crisis and was transported to Dartmouth-Hitchcock Medical Center ("DHMC"). The averment that he

was unable thereafter to return to Waitsfield and was thus forced stay in the ED until a residential placement was arranged is DENIED.

30.    DENIED that "Plaintiff Doe was stuck at DHMC;" ADMITTED that, at that time, a team that included DAIL was formed to work towards developing a residential placement for Plaintiff. ADMITTED that the planning team has continued to meet, and that the members and frequency of meetings have changed. DENIED that DAIL's engagement with this team has not been consistent; ADMITTED that defendant Jennifer Garabedian has been the member representing DAIL at the regular meetings starting in March 2022.

31.    ADMITTED that one option the team identified for Doe was a short-term crisis bed owned and operated by the Vermont Crisis Intervention Network ("VCIN"). ADMITTED that Linda Luxenberg was Doe's sole guardian and that she expressed concerns that the VCIN crisis bed may not be a safe placement for Doe and could be detrimental to him.

32.    DENIED that Linda Luxenberg's guardianship was terminated "as a result" of her expression of concerns.  ADMITTED that the Office of Public Guardian, a division of DAIL, was appointed. Linda Luxenberg was removed from the guardianship, after an evidentiary hearing, by a judge of the Vermont Superior Court, Washington Probate Division.

33.    ADMITTED that Doe was thereafter moved to the VCIN crisis bed with his new guardian's approval on or around August 13, 2020 and that Doe

was re-hospitalized shortly thereafter. DENIED that "Linda's concerns proved correct."

34.    ADMITTED.

35.    ADMITTED that no Functional Behavioral Analysis was conducted; the term "balance" in the context of this paragraph is amorphous and thus the remainder of this averment is DENIED.

36.    ADMITTED.

37.    ADMITTED that Doe's home is in a remote area of Marshfield. Defendants lack knowledge or information sufficient to form a belief about the truth of the averment regarding the population of the town of Marshfield.  ADMITTED that cameras have been installed in the house (except bedroom and bathroom) and that WCMHS staff can monitor Doe from an attached room that is inaccessible to him.

38.    ADMITTED that Doe has needed "two to one" staffing at all times at the Marshfield residence (meaning there are always two staff members available to assist him). Defendants DENY the characterization that WCMHS has failed to appropriately staff the program; ADMITTED that WCMHS as relied upon VCIN to provide short-term, rotating staff.

**UNNUMBERED PARAGRAPH**:  ADMITTED, although DAIL does not allocate more than one year's funding at a time.

39.    ADMITTED.

40.    Defendants lack knowledge or information sufficient to form a belief
about the truth of these averments and thus DENY said averment.

41.    ADMITTED that WCMHS consulted with third parties.  ADMITTED
that the DAIL Commissioner Monica White terminated at least one such
consultation contract; DENIED that said consultant made expert
recommendations.

42.    ADMITTED that Doe responds well when he has a calendar to which to
refer. The remainder of these aversions are imprecise; Defendants
therefore lack knowledge or information sufficient to form a belief about
their truth thus DENY said averment.

43.    DENIED.

44.    ADMITTED that Doe's initial behavior support plan (from August of
2020), current support plan, and communication plan all include
recommendations for written or visual communications. DENIED that
"… staff at WCMHS and VCIN often attempt to communicate with Doe
verbally, which impedes his ability to communicate and often frustrates
him."

45.    ADMITTED that Melmark conducted another evaluation of Doe in
August and September, 2021.  ADMITTED that the evaluation states
the remainder of the averments in this paragraph.

46.    ADMITTED.

47.     DENIED.

48.     DENIED.

49.     ADMITTED.

50.     ADMITTED.

51.     Defendants lack knowledge or information sufficient to form a belief
        about the truth of these averments and thus DENY said averment.

52.     Defendants lack knowledge or information sufficient to form a belief
        about the truth of these averments and thus DENY said averment.

53.     ADMITTED.

54.     DENIED.

55.     DENIED.

56.     DENIED.

57.     DENIED.

58.     ADMITTED.

59.     Defendants lack knowledge or information sufficient to form a belief
        about the truth of the averment that WCMHS independently receives
        federal funding and thus DENY said averment.

60.     Defendants lack knowledge or information sufficient to form a belief
        about the truth of this averment therefore DENY said averment.

61.     Defendants lack knowledge or information sufficient to form a belief
        about the truth of this averment therefore DENY said averment.

62.     Admitted.

63.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment therefore DENY said averment.

64.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment therefore DENY said averment.

65.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment therefore DENY said averment; Admitted that Jennifer Garabedian did not attend the meeting; Admitted that meeting notes were sent out. DENIED that questions were specifically posed to DAIL.

66.    Plaintiffs' use of the phrase, "DAIL did nothing," is not understood in this context; accordingly defendants lack knowledge or information sufficient to form a belief about the truth of this averment therefore DENY said averment.

67.    DENIED.

68.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment therefore DENY said averment.

69.    DENIED as stated. DAIL recommended that the individuals suggested work with WCMHS. Doe's guardian indicated that these individuals were not interested in working for WCMHS.

70.    ADMITTED as to the content of the communications.

71.    ADMITTED with clarifications: DAIL and the Vermont Developmental Disabilities Services Division's role is/are to administer and oversee the

System of Care for Vermonters with intellectual and developmental disabilities, not to manage day-to-day supports, including work related to the development of transitional planning.  As laid out in the Vermont State System of Care Plan for Developmental Disabilities, the Division has a role in approving transition plans and addressing conflicts, as necessary.

72.    DENIED that WCMHS decided to withdraw services because Doe's guardians had complained about WCMHS.  The remainder of the facts contained in this paragraph, while misleadingly incomplete, are admitted.

73.    ADMITTED; plaintiffs nonetheless exercised their right to appeal without incident or delay.

74.    DENIED.

75.    DENIED.

76.    DENIED.

77.    DENIED that defendants are "denying services; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

78.    ADMITTED.

79.    ADMITTED as to the October 5, 2022 meeting.  It was agreed that Doe should not be without a place to live; DAIL/DDSD offered a potential transition option utilizing the Intensive Transition Supports location in

Lamoille County (supported through LCMHS). Doe's guardian was not in support and indicated that they would not support continued exploration. The teams agreed that more work was needed to develop a transition plan. Doe's guardians indicated that they wanted to focus efforts on transition planning between agency and not a short-term option.

80. ADMITTED that an October 5, 2022 email was sent. The document transmitted was not a "draft transition proposal;" it lacked sufficient information and elements of a transition plan. DAIL responded to Doe's guardian (through her attorney) around the need for more information.

81. ADMITTED.

82. ADMITTED as to the date of the status conference; the remainder of the averments in this paragraph are DENIED.

83. ADMITTED as to the contents of the letter; the remainder of the averments in this paragraph are DENIED.

84. This paragraph seems to be missing a verb; Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

85. ADMITTED as to the content of the communication.

86. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

87.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

88.    DENIED.

89.    Admitted that DAIL filed the motion in Washington Probate Division; the imputed averment that DAIL has not attempted to work collaboratively with Plaintiffs is DENIED.

90.    DENIED.

91.    DENIED.

92.    DENIED.

## COUNT I: PROCEDURAL DUE PROCESS

93.    Defendants incorporate the responses made in all previous paragraphs.

94.    DENIED.

95.    DENIED.

96.    DENIED.

97.    DENIED.

## COUNT II: MEDICAID DUE PROCESS

98.    Defendants incorporate the responses made in all previous paragraphs.

99.    DENIED.

100.    DENIED.

101.    DENIED.

102.    DENIED.

## COUNT III: REHABILITATION ACT

103.    Defendants incorporate the responses made in all previous paragraphs.

104.    DENIED.

105.    DENIED.

106.    DENIED.

107.    DENIED.

## COUNT IV: AMERICANS WITH DISABILIITIES ACT

108.    Defendants incorporate the responses made in all previous paragraphs.

109.    DENIED.

110.    DENIED.

## COUNT V: VERMONT FAIR HOUSING AND PUBLIC ACCOMODATIONS ACT

111.    Defendants incorporate the responses made in all previous paragraphs.

112.    DENIED.

113.    DENIED.

114.    DENIED.

115.    DENIED.

116.    DENIED.

## COUNT VI: NEGLIGENCE

117.    Defendants incorporate the responses made in all previous paragraphs.

118.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

119.    DENIED.

120.    DENIED.

121.    DENIED.

## COUNT VII: RETALIATION

122.    Defendants incorporate the responses made in all previous paragraphs.

123.    DENIED.

124.    DENIED.

WHEREFORE, defendants pray for judgment in their favor, together with damages, costs, attorney's fees (if allowed) and all other relief deemed just and equitable.

## AFFIRMATIVE DEFENSES

### GENERALLY

I.    The District Court lacks jurisdiction over the Vermont Department of Disabilities and Independent Living under the Eleventh Amendment to the Constitution.

II.    The District Court lacks jurisdiction over defendant Monica White and Defendant Jennifer Garabedian in their official capacities under the Eleventh Amendment to the Constitution.

III.    Defendant Department of Disabilities and Independent Living is immune from suit under the doctrine of sovereign immunity.

IV.    Defendant Monica White is immune from suit under the doctrine of sovereign immunity.

V.    Defendant Jennifer Garabedian is immune from suit under the doctrine of sovereign immunity.

VI.    The Plaintiffs lack standing because they have suffered no injury in fact; the District Court has no jurisdiction.

    a.  Mr. Doe has not and will not lose his housing or benefits;

    b.  Linda Luxenberg has suffered no harm in fact.

## **COUNT I: PROCEDURAL DUE PROCESS**

I.    Failure to State a Claim:

    a.  Insufficiency of Pleading:

        i.  Parties: Plaintiffs have failed to plead that each individual defendant, through that official's individual actions, has violated the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

1. No specific actions are alleged (only bare legal
conclusions);

2. No specific defendant is tied to even the bare legal
conclusions asserted.

ii. <u>Lack of State Level Procedure</u>:  No lack of adequate procedural
due process is averred with specificity.

1. Plaintiffs have already availed themselves of the existing,
adequate state-level process by filing an appeal with the
Vermont Human Services Board.

2. Plaintiffs have not availed themselves of the existing,
adequate process to seek an expedited decision on their
appeal.

## COUNT II: MEDICAID DUE PROCESS

I. Failure to State a Claim:

a. <u>Parties</u>:

i. Plaintiffs have failed to plead that each individual defendant,
through that official's individual actions, has violated Medicaid
due process protections.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676,
129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

1. No specific actions are alleged (only bare legal
conclusions);

      2.  No specific defendant is tied to even the bare legal conclusions asserted.

b. <u>Lack of State Level Procedure</u>:  Plaintiffs' complaint does not allege a lack of adequate procedural due process with the required specificity.

    i.  Plaintiffs have already availed themselves of the existing, adequate state-level process by filing an appeal with the Vermont Human Services Board.

    ii.  Plaintiffs have not availed themselves of the existing, adequate process to seek an expedited decision on their appeal.

## **COUNT III: REHABILITATION ACT**

I.  <u>Insufficiency of Pleading</u>:

    i.  <u>Parties</u>: Plaintiffs have failed to plead that each individual defendant, through that official's individual actions, has violated the Rehabilitation Act. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

      1.  No specific actions are alleged (only bare legal conclusions);

      2.  No specific defendant is tied to even the bare legal conclusions asserted.

    ii.  <u>Essential Element</u>:  Plaintiffs have failed to allege that any "discrimination" against Mr. Doe was the "sole reason" for defendants' alleged decision.

iii.  <u>Nature of a Rehabilitation Act Claim</u>: Plaintiffs' complaint, at its
root, asserts that defendants are not meeting a standard of care
that the Rehabilitation Act creates; this statute does not create
such a standard.

## COUNT IV: AMERICANS WITH DISABILIITIES ACT

I.  <u>Insufficiency of Pleading</u>:

iv.  <u>Parties</u>: Plaintiffs have failed to plead that each individual
defendant, through that official's individual actions, has violated
the Americans with Disabilities Act (ADA). *Ashcroft v. Iqbal*,
556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868
(2009).

1.  No specific actions are alleged (only bare legal
conclusions);

2.  No specific defendant is tied to even the bare legal
conclusions asserted.

ii.  <u>Failure to State an ADA Claim</u>:  Plaintiffs allege neither that
Mr. Doe is being deprived a service because of his disability, or
that he is being refused a service that non-disabled people
receive. As such, it does not state a claim under the ADA.  *Flight
v. Gloeckler*, 68 F.3d 61, 64 (2d Cir.1995)(dismissal of ADA claim

required where plaintiff did not allege disparate treatment as compared to the benefits given to non-handicapped individuals).

## COUNT V: VT FAIR HOUSING AND PUBLIC ACCOMODATIONS ACT

I.    **Parties:**  Plaintiffs have failed to plead that each individual defendant, through the official's own individual actions, has violated the Vermont Fair Housing and Public Accommodations Act.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

    1.  No specific actions are alleged (only bare legal conclusions);

    2.  No specific defendant is tied to even the bare legal conclusions asserted.

ii.  **Failure to State an Fair Housing and Public Accommodations Act Claim:**  The Fair Housing and Public Accommodations Act is co-extensive with the Americans with Disabilities Act.  9 V.S.A. § 4500.  Plaintiffs do not allege that Mr. Doe either is being deprived a service because of his disability, or one that non-disabled people receive. As such, it does not state a claim under the statute.  *Flight v. Gloeckler*, 68 F.3d 61, 64 (2d Cir.1995)(dismissal of ADA claim required where plaintiff did not allege disparate treatment as compared to the benefits given to non-handicapped individuals).

## COUNT VI: NEGLIGENCE

I.    **Parties:**  Plaintiffs have failed to plead that each individual defendant, through the official's own individual actions, has breached a standard of care owed plaintiff Doe.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

## COUNT VII: RETALIATION

I.    **Parties:**  Plaintiffs have failed to plead that each individual defendant, through the official's own individual actions, has retaliated against plaintiff Doe.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

Dated at Waterbury, Vermont this 20th day of December, 2022.

STATE OF VERMONT

SUZANNE R. YOUNG
ATTORNEY GENERAL

By: _____
Edward M. Kenney
Assistant Attorney General
280 State Drive
Waterbury, Vermont 05671-2080
(802) 798-9090
ted.kenney@vermont.gov