UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LINDA LUXENBERG and | ) | |
| KELCEY LUXENBERG, as | ) | |
| Guardians and next best friends of | ) | |
| JOHN DOE; and | ) | |
| LINDA LUXENBERG, for herself, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| VERMONT DEPARTMENT OF | ) | Case No.: 2:22-cv-00188-cr |
| DISABILITIES, AGING AND | ) | |
| INDEPENDENT LIVING; | ) | |
| MONICA WHITE in her official and | ) | |
| individual capacities; JENNIFER | ) | |
| GARABEDIAN, in her official and | ) | |
| individual capacities; WASHINGTON | ) | |
| COUNTY MENTAL HEALTH | ) | |
| SERVICES, INC., and MARY | ) | |
| MOULTON, in her official and | ) | |
| individual capacities; | ) | |
|     Defendants. | | |

<u>MOTION TO DISMISS -</u>
<u>DEFENDANTS VERMONT DEPARTMENT OF DISABILITIES, AGING AND</u>
<u>INDEPENDENT LIVING, MONICA WHITE and JENNIFER GARABEDIAN</u>

Now come defendants Vermont Department of Disabilities, Aging and

Independent Living ("DAIL"), DAIL Commissioner Monica White (in her official and

individual capacities), and DAIL Division Director Jennifer Garabedian (in her

official and individual capacities) and hereby move that the court dismiss plaintiffs'

complaint in its entirety.

In support whereof, defendants submit the following Memorandum of Law.

## MEMORANDUM OF LAW

I.   **Overview**

    **a. The Complaint**

Plaintiffs have filed a civil action against Washington County Mental Health Services ("WCMHS"), the State of Vermont's Department of Aging and Independent Living ("DAIL"), and two DAIL officials (in both their official and individual capacities). The plaintiffs seek injunctive relief, declaratory relief, compensatory damages and punitive damages.

Plaintiffs' complaint consists of 124 paragraphs and seven separate counts. DAIL and its named officials have filed an answer that denies the key factual allegation in plaintiffs' complaint, many of their supporting allegations, and raises a number of affirmative defenses.

This motion to dismiss is made somewhat problematic because, for the most part, plaintiffs' complaint does not specify which remedies they seek from which defendants or under which of their seven counts. See Plaintiffs' complaint, *passim*. Nor does it specify which factual allegations are meant to support which cause of action. Such "shotgun pleadings" are disfavored, *Croons v. N.Y. State Office of Mental Health*, 18 F. Supp. 3d 193, 199 (N.D.N.Y. 2014) and have made separately addressing each count and each defendant difficult.

This motion first addresses the subject matter jurisdiction of the court over the state defendants relative to plaintiffs' causes of action (F.R.C.P. (12)(b)(1)). It

then addresses each count regarding the sufficiency of each to state a cognizable claim.  (F.R.C.P. (12)(b)(6)).

### b.  Summary of Argument

#### i.    Lack of Jurisdiction

##### 1.  Constitutional Limitations and Requirements

Plaintiffs' complaint seeks compensatory and punitive damages.  The Eleventh Amendment of the United States Constitution does not grant federal courts jurisdiction to award such damages against states or their officers while acting in their official capacities.  Accordingly, all portions of plaintiffs' claims seeking damages as a remedy from these defendants (Count I through Count V) must be dismissed pursuant to F.R.C.P. 12(b)(1). Counts VI (Negligence) and Count VII (Retaliation) must be dismissed entirely.

Plaintiffs' complaint names Linda Luxenberg in her individual capacity but does not allege she suffered a specific, cognizable harm. Thus, she has no standing to bring a claim.  Standing is a constitutional jurisdictional requirement; F.R.C.P. 12(b)(1) requires that Linda Luxenberg's individual claims be dismissed.

##### 2.  Statutory Limitations and Requirements

Plaintiffs rely on 42 U.S.C. §1983 in bringing Count I (procedural due process) and Count II (Medicaid due process).  This statute does not extend federal jurisdiction to state governments, their departments, or state employees acting as

"arms of the state." Rule 12(b)(1) requires that Counts I and II be dismissed relative to these defendants.

### ii.    Failures to State a Claim

### 1. Specific Defendants

Plaintiffs' complaint repeatedly claims that WCMHS, its executive director, DAIL Commissioner White and DAIL Developmental Disabilities Services Division Director Garabedian "terminated" plaintiff John Doe's Medicaid benefit and/or engineered his forced removal from his residence with WCMHS.[1] In support of this claim, the complaint quotes an email from WCMHS personnel – not the state defendants – indicating that WCMHS is no longer willing to provide services for Mr. Doe. The complaint never specifies how DAIL, Commissioner White or Director Garabedian are involved or otherwise responsible for WCMHS's decision.

42 U.S.C. §1983 does not create liability based on *respondeat superior*. Given this, and the lack of sufficient, specific allegations of an act or omission by DAIL, Commissioner White or Director Garabedian, (in either an official or individual capacity) Counts I and II must be dismissed pursuant to F.R.C.P. 12(b)(6).

Moreover, none of plaintiffs' counts state with the required clarity what act or omission that constitute an essential element of plaintiffs' claims either Commissioner White or Director Garabedian did or failed to do. The same is true for

---

[1] This is simply not correct and will be addressed in a subsequent motion for summary judgment.

DAIL. Consequently, these defendants must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

## 2. Specific Claims

Plaintiffs' procedural and Medicaid due process counts (**Counts I and II**) are both founded on a conclusory claim that plaintiffs have been denied process. This is so even though plaintiffs' complaint repeatedly acknowledges filing an appeal with the Vermont Human Services Board regarding these specific alleged grievances. Thus, plaintiffs' bald assertions of inadequate process are insufficient, and dismissal is required. F.R.C.P. 12(b)(6).

Likewise, plaintiffs' Rehabilitation Act and Americans with Disabilities Act claims (**Counts III and IV**) do not contain sufficient allegations of failures to accommodate or acts of discrimination, but rather consist of allegations regarding the level of services provided. Neither act authorizes courts to adjudicate complaints about the quality of services provided if no discrimination or failure to provide reasonable accommodations are present. These counts must also be dismissed. F.R.C.P. 12(b)(6).

Lastly, plaintiffs' claim for negligence (**Count VI**) and retaliation (**Count VII**) – even if allowed under the Eleventh Amendment – do not specify how DAIL, Commissioner White or Director Garabedian specifically and/or individually breached a legal duty to or retaliated against Mr. Doe. They therefore fail to state a claim. F.R.C.P. 12(b)(6).

## II.    Dismissal Pursuant to F.R.C.P. 12(b)(1) / Lack of Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(l) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Jurisdictional issues must be decided before other dispositive motions are considered.  *Winn v. Schafer*, 499 F. Supp. 2d 390, 394 (S.D.N.Y. 2007) citing *Integrated Utils. Inc. v. United States*, No. 96 Civ. 8983, 1997 WL 529007, at *2 (S.D.N.Y. Aug.26, 1997)(court should consider Rule 12(b)(1) challenges first since dismissal for lack of subject matter jurisdiction renders additional defenses or objections moot).

The burden of proof for deciding jurisdictional issues lies with party asserting jurisdiction. *Makarova, supra.* The standard of proof is a preponderance of the evidence.  *J.S. ex rel. N.S. v. Attica Cent. Schs.,* 386 F.3d 107, 110 (2d Cir. 2004). In contrast to the consideration of other facts alleged in a complaint, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," *Best v. City of New York*, No. 12 CIV. 7874 RJS SN, 2014 WL 163899, at *6 (S.D.N.Y. Jan. 15, 2014)(quoting *Figueroa v. Comm'r of Soc. Sec.,* 12 Civ. 7129(LGS)(SN), 2013 WL 3481317, at *2 (S.D.N.Y. July 11, 2013).

### a. Linda Luxenberg's Individual Complaints Must be Dismissed for Lack of Constitutional Standing.

Count VII alleges violations of Vermont's *Developmental Disabilities Act* (18 V.S.A. § 8721 et seq.). This law sets Vermont's policy standards in providing its disabled citizens with dignity, inclusion, and support. 18 V.S.A. § 8721(1) - (5).

Importantly, the law distinguishes between individuals with disabilities (18 V.S.A. § 8722(4)) and families with disabled members (18 V.S.A. § 8722(3)). The act details the services to which families are entitled, 18 V.S.A. § § 8726(c), 8728(b), and holds that families are "to be free from retaliation for making a complaint, voicing a grievance, recommending a change in policy, or exercising a legal right." 18 V.S.A. § 8728(b)(4).

Count VII names Linda Luxenberg as the party who suffered or will suffer harm through DAIL's "retaliation" against her. See Plaintiffs' Complaint at ¶124. Assuming, *arguendo*, that the Vermont legislature intended this statute to create a private cause of action, a potential plaintiff would still have to suffer an actual harm to have a cognizable claim. The complaint does not articulate what specific, actual harm Linda Luxenberg suffered or will suffer. See Plaintiff's complaint at ¶124. This is not surprising, for Linda Luxenberg does not specify what service she was personally receiving.

Article III of the United States Constitution limits the jurisdiction of federal courts to the resolution of "cases" and "controversies." U.S. Const. art. III, § 2. Federal jurisdiction is thus limited to cases where a plaintiff has suffered an actual harm. *Martel v. Condos*, 487 F. Supp. 3d 247, 251 (D. Vt. 2020), as revised (May 24,

2:22-cv-00188-cr    Document 18    Filed 12/20/22    Page 8 of 22

2016). The test to determine constitutionally sufficient standing are straightforward.

> The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.

> *Id.*, at 251 (D. Vt. 2020)(internal quotations and citations omitted.)

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016)(quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351).

Linda Luxenberg allegation that she has been harmed, without any detail, is inadequate. F.R.C.P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)(dismissal required where facts as pled do not permit court to infer more than mere possibility of misconduct). In sum, she asserts no facts to support standing. Her complaint therefore must be dismissed for lack of subject matter jurisdiction. F.R.C.P 12(b)(1).

### b. The Court Has No Constitutional Jurisdiction to Award Damages Against DAIL or the Named State Officials Acting in an Official Capacity.

Plaintiffs' complaint seeks an award of compensatory and punitive damages. Plaintiffs' Complaint at pp. 23 – 24.[2]

---

[2] Plaintiffs do not specify which plaintiff seeks which damage award or through which of their seven counts they seek this remedy.

*Page 8 of 22*

The Eleventh Amendment to the United States Constitution denies federal courts the authority to award damages against either states or state officials who are acting in their official capacity unless sovereign immunity has been waived by the state or abrogated by Congress. U.S. Const. Amend. XI; *Fulton v. Goord,* 591 F.3d 37, 45 (2d Cir. 2009). The doctrine applies to suits brought against a state by its own citizens. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

This prohibition applies whether the state itself or a specific state department is named in the suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984). It also applies to state officials acting in their official capacities. *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 374 (2d Cir. 2005); see also *Wiley v. Baker*, No. 2:20-CV-154, 2022 WL 3045042, at *9 (D. Vt. June 10, 2022) (report and recommendation adopted, No. 2:20 CV 154, 2022 WL 3042140 (D. Vt. Aug. 2, 2022)[3].

As with standing, this prohibition is jurisdictional in nature. *Aldin v. Maine,* 527 U.S. 706, 754, 119 S. Ct. 2240, 2266, 144 L. Ed. 2d 636 (1999). Thus, challenges based on the Eleventh Amendment should be decided under F.R.C.P 12(b)(1).

The state of Vermont has not consented to Eleventh Amendment jurisdiction. 12 V.S.A. § 5601(g)("Nothing in this chapter waives the rights of the State under

---

[3] The Eleventh Amendment also bars unconsented to state-based causes of action brought via pendent jurisdiction. See *O'Neill v. Rutland Cnty. State's Att'ys Off*., No. 2:16-CV-196, 2016 WL 7494857, at *3 (D. Vt. Dec. 29, 2016)(citing *Raygor v. Regents of Univ. of Minn.,* 534 U.S. 533, 540–41 (2002) (affirming that "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court").

the Eleventh Amendment of the U.S. Constitution."); See, e.g., *Montpelier v. Brown*, No. 2:20-CV-150, 2021 WL 3188405, at *6 (D. Vt. May 19, 2021). Given this, all of plaintiffs' claims for monetary damages with the exception of Count III (Rehabilitation Act)[4] must be dismissed.

### c. The Court has No Statutory Jurisdiction Over the State of Vermont or its Authorized Agents under 18 U.S.C. §1983.

Plaintiff's counts I and II make claims that "defendants" are subject to damages pursuant to 42 U.S.C. §1983 ("the 1983 action" or "section 1983"). The court has no jurisdiction to hear these claims as they pertain to DAIL or the named state officials acting in their official capacity because these defendants are beyond the scope of the statute.

### i. The State is Not Subject to 18 U.S.C. §1983 because it is Not a "Person."

Section 1983 authorizes legal and equitable actions against a "person" operating under color of law to deprive a person of federal legal rights. The statute's use of this word significantly limits its jurisdictional reach. A state government is not a "person" within the meaning of this statute. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65, 109 S. Ct. 2304, 2309, 105 L. Ed. 2d 45 (1989). Likewise, the law's scope does not include state governmental departments. *Makarova,* 201 F.3d at 113. Thus, DAIL must be dismissed from Count I

---

[4] Section 504 of the Rehabilitation Act expressly waived Eleventh Amendment immunity. *Garcia v. S.U.N.Y. Health Scis.Ctr of Brooklyn*, 280 F.3d 98, 113 (2d Cir. 2001). As will be explained below, Count III must be dismissed on other grounds.

(procedural due process) Count II (Medicaid Due Process), and Count IV (Americans with Disabilities Act).

> ### ii.    State Officials Are Not Subject to 18 U.S.C. §1983 because They are Arms of the State and Thus Not a "Person."

Similarly, state officials acting in their official capacity are not subject to section 1983 monetary damages. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 877, 83 L.Ed.2d 878 (1985). As such, it is no different from a suit against the State itself. See, *e.g., Kentucky v. Graham,* 473 U.S. 159, 165–166, 105 S.Ct. 3099, 3104–3105, 87 L.Ed.2d 114 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989).  The court is therefore without statutory jurisdiction over Ms. White or Ms. Garabedian in their official capacities, *Makarov*a, supra, and must dismiss Count I (procedural due process) Count II (Medicaid due process) and Count IV (Americans with Disabilities Act) relative to claims for damages under section 1983.[5]  F.R.C.P 12(b)(1).

---

[5] Defendants concede that federal courts are empowered to issue injunctions, relative to <u>future</u> conduct, against state officials acting contrary to federal law. *New York Health and Hospitals Corp. et al. v. Perales,* 50 F.3d 129 (2d Cir.1995).

### III. Dismissal Pursuant to F.R.C.P. 12(b)(6) / Failure to State a Claim Upon Which Relief can be Granted.

### a. Specific Defendants.

### i. The Complaint Fails to State a Cause of Action Against the Department, Commissioner White's or Director Garabedian as Officials or Individuals.

The caption of plaintiffs' complaint notes that Commissioner White and Director Garabedian are being sued in both their official and their individual capacities. However, the body of the complaint makes no allegation asserting the specific act or omission either of these people committed relative to the counts pled.

Indeed, the closest the complaint comes to articulating a specific, legally required act anyone is found in paragraph seventy-two – and does not name either Ms. White or Ms. Garabedian: "… on or around October 3, 2022, Defendant Mary Moulton sent Doe's guardians an email titled WCMHS *Notice of Termination*."

As the complaint correctly notes, Ms. Moulton works for Washington County Mental Health, not the State of Vermont.[6] The plaintiffs appropriately do not allege that Ms. Moulton was acting as an employee or agent of DAIL.

The doctrine of *respondeat superior* does not apply to 42 U.S.C. §1983 actions; liability may only be imposed on officials who are personally involved in a violation of rights. *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.1973); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir.1999). Naming WCMHS's executive director as the

---

[6] Paragraph 75 of plaintiffs' complaint does allege, "on information and belief," that Ms. White and Ms. Garabedian were "involved" in Washington County Mental Health's decision to stop providing services to Mr. Doe. The complaint does not describe the nature of this "involvement," which the state defendants deny.

person terminating Mr. Doe's services allows no inference of actions taken by Ms. White or Ms. Garabedian.

This, in addition to plaintiffs' lack of factual allegations articulating what act or omission DAIL, Ms. White or Ms. Garabedian committed, requires that all of plaintiffs' causes of action against the state defendants – in any capacity – be dismissed for failure to state a claim. F.R.C.P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)(dismissal required where facts as pled do not permit court to infer more than mere possibility of misconduct).

**b. Specific Counts**

**i. Count I (Procedural Due Process) Fails to Allege Sufficient Facts to State a Claim.**

In Count I, plaintiffs allege that the state defendants are violating Mr. Doe's procedural due process rights by subjecting him to a "proposed forced removal of (his) home without affording him the opportunity to contest his removal and without notice of his rights…" Plaintiff's Complaint, ¶94.

A procedural due process claim has three essential elements: **(1)** an action by the state **(2)** deprived the plaintiff of liberty or property, **(3)** without due process of law. *Barrows v. Burwell,* 777 F.3d 106, 113 (2d Cir. 2015); see also *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005). Plaintiffs' complaint lacks sufficient allegations regarding the first and third elements.

**1. The Complaint Does not Specifically Allege Any Action by the State or Its Officials.**

As discussed, plaintiffs' complaint only alleges ("on information and belief") that Commissioner White and Director Garabedian "were *involved in* the decision to terminate Doe's services." Plaintiffs' complaint at ¶75 (italics added). The nature of this involvement (which the state defendants deny) is unspecified.

Such conclusory, vague or general allegations cannot withstand a motion to dismiss. *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir.1993). Threadbare recitals of the elements of a cause of action that are only supported by conclusory statements are insufficient.[7] *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (internal quotation marks omitted)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). Accordingly, plaintiffs' Count I must therefore be dismissed pursuant to F.R.C.P. 12(b)(6).

> **2.** The Complaint Does Not Plausibly Allege an Inadequate State-Level Due Process Appeal Regimen.

Count I also claims that defendants are depriving Mr. Doe of his Medicaid benefit without affording him the opportunity to object to that deprivation. This pleading fails for two reasons.

First, plaintiffs' complaint actually acknowledges that a state-level appeal of this very decision has already been filed with the Vermont Human Services Board ("the HSB"). Plaintiffs' complaint at ¶81. Under these facts, plaintiffs' contradictory

---

[7] In this regard, the pleading is reminiscent of the pleading found inadequate in *Gadreault v. Grearson*, No. 2:11-CV-63, 2011 WL 4915746, at *5 (D. Vt. Oct. 14, 2011)(conclusory allegations of conspiracies between defendants insufficient under F.R.C.P. 12(b)(6).

and conclusory claim that defendants are not "affording [Mr. Doe] the opportunity to contest his removal" (plaintiffs' complaint at ¶94) does not sufficiently plead the lack-of-process element of the claim. *Hayden,* 594 F.3d at 161.

Second, plaintiffs do not allege that Mr. Doe sought expedited consideration before the HSB. As detailed below, such requests are allowed. Instead, plaintiffs allege only that the first HSB hearing on their appeal will occur after the services are "terminated." Plaintiffs' complaint at ¶82.

Vermont grants Medicaid recipients broad appeal rights before the Human Services Board.

> An opportunity for a fair hearing will be granted to any individual requesting a hearing because his or her claim for assistance, benefits, or services is denied, or is not acted upon with reasonable promptness; or because the individual is aggrieved by any other Agency action affecting his or her receipt of assistance, benefits, or services, or license or license application; or because the individual is aggrieved by Agency policy as it affects his or her situation.

3 V.S.A. § 3091(a). The HSB, through its power to create procedural rules, 3 V.S.A. § 3091(f); Fair Hearing Rule 1000.3(F), has given appellants in plaintiffs' situation the opportunity to seek expedited hearing.

> F. **Time, manner and location of hearing**. The hearing officer shall rule on requests for changing the timing, manner, or location of the hearing. Such requests shall be made to the hearing officer within a reasonable time. The opposing party shall have the right to oppose such a request. In ruling on such a request the hearing officer shall include consideration of the sufficiency of the grounds for the request, the length of time appropriate for a continuance, and ***the degree of prejudice***, if any, to the party opposing the request.

Id. (Emphasis added.). Indeed, this court has previously held that proceedings before the Human Services Board provide an adequate process by which litigants may challenge departmental decisions, applications of law and the constitutionality of both regulations and specific decisions. *Lowell v. Vermont Dep't of Child. & Fam*s., No. 5:19-CV-150, 2019 WL 11767547, at *4 (D. Vt. Nov. 18, 2019), aff'd, 835 F. App'x 637 (2d Cir. 2020), as amended (Dec. 15, 2020). Plaintiffs' due process count does not detail how the HSB procedure deprives them of due process. It must be dismissed.  F.R.C.P. 12(b)(6).

### ii.    Count II (Medicaid Due Process) Fail to Allege Sufficient Facts to State a Claim.

Plaintiffs Medicaid due process claim alleges that the defendants "will violate Plaintiffs right to a fair hearing…" and that "defendants have not provided any opportunity for an internal appeal with DAIL and have not agreed to continue services while an appeal is pending."  Plaintiffs' complaint at ¶¶99, 100.

The statutory rights found in 42 U.S.C.A. § 1396a(3) dovetail with the due process requirements discussed above.  "[A] state plan participating in Medicaid must 'provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied.'" *Davis v. Shah*, 821 F.3d 231, 239 (2d Cir. 2016) (quoting 42 U.S.C. § 1396a(a)(3)). "That requirement entails both written notice of any intended actions affecting a beneficiary's claim and an evidentiary hearing to contest denials of service." Id.

(citing 42 C.F.R. §§ 431.206(b),(c) and  42 C.F.R. §431.210). *See also Holmes v. Health First*, (S.D. N.Y. 2022).

Plaintiffs' Medicaid due process claim fails for the same reasons as their procedural due process claims. Their complaint acknowledges that Mr. Doe has *already requested* the fair hearing (Plaintiffs' complaint at ¶81) through the process that plaintiffs then claim fails to "provide any opportunity for an internal appeal…" (Plaintiffs' complaint at ¶100). Clearly, Vermont grants plaintiffs the required hearing, 3 V.S.A. § 3091(f), and provides that it can be heard on an expedited basis pursuant to Fair Hearing Rule 1000.3(F). Plaintiffs' pleadings therefore do not "nudge [their] claims across the line from conceivable to plausible…" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)(internal quotations and citations omitted) and must be dismissed.

### iii.   **Count III** (Rehabilitation Act) Fails to Allege Sufficient Facts Upon Which to State a Claim.

Allegations that state conduct creates a "serious risk of institutionalization" can be, in the proper circumstances, adequate to allege a cognizable harm under the federal Rehabilitation Act. *Davis v. Shah*, 821 F.3d 231, 263 (2d Cir. 2016). However, plaintiffs only cite an action taken by Washington County Mental Health; no state action is alleged. As such, their claim against the state and the state officials is insufficient, *Iqbal,* 556 U.S. at 679, 129 S. Ct. at 1950, and does not state a claim.  F.R.C.P 12(b)(6).

Arguably, plaintiffs' additional allegation that defendants "fail[ed] to provide adequate services and supports ... and fail[ed] to accommodate his disabilities," see Plaintiffs' complaint at ¶105, could be seen as a state "act or omission."  Even if that were so, the count still does not adequately state a Rehabilitation Act claim for two reasons.

First, plaintiffs do not allege that any "discrimination" against Mr. Doe was the "sole reason" for defendants' alleged decision.  The lack of this assertion is fatal to a Rehabilitation Act cause of action.

> Plaintiffs must establish that the Defendants discriminated against them "solely by reason of" their disability. 29 U.S.C. § 794a. "The word solely provides the key: the discrimination must result from the handicap and from the handicap alone." Johnson, 971 F.2d at 1493. Nowhere in their Complaint do Plaintiffs allege that their disability was the sole reason—or even one of many reasons—for the alleged discrimination. Thus, they fail to state a claim for discrimination under 504.
>
> *Baumeister v. New Mexico Comm'n for the Blind*, 425 F. Supp. 2d 1250, 1266–67 (D.N.M. 2006)

Second, the essence of plaintiffs' complaint is that the defendants are not meeting a standard of care that the Rehabilitation Act creates.  The difficulty with this premise that that the law does not create any such standard.

> Section 504 seeks to assure evenhanded treatment and the opportunity for handicapped individuals to participate in and benefit from programs receiving federal assistance. *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). **The Act does not, however, guarantee the handicapped equal results** from the provision of state Medicaid, even assuming some measure of equality of health could be constructed. *Ibid.*

*Alexander v. Choate,* 469 U.S. 287, 304, 105 S. Ct. 712, 721–22, 83 L. Ed. 2d 661 (1985) (emphasis added.)

*In Rodriguez v. City of New York,* 197 F.3d 611, 618 (2d Cir. 1999), plaintiffs alleged that New York City's refusal to include safety-monitoring and other services to Medicaid recipients with mental disabilities violated the Rehabilitation Act and the Americans with Disabilities Act. *Id*., at 613. The District Court ruled in favor of the plaintiffs.

The Second Circuit Court of Appeals reversed, noting that appellees were actually challenging the substance of the services provided, not illegal discrimination. *Id*., at 618. This, it held, was not "discrimination." The Court concluded that "New York cannot have unlawfully discriminated against appellees by denying a benefit that it provides to no one." *Id*., (citing 42 U.S.C. § 12132).

As with the plaintiff in *Rodriguez*, plaintiffs' claim alleges no disparate treatment, but is essentially a complaint about the substance of the services provided. Their claim is therefore not cognizable under the Rehabilitation Act. *Rodriguez*, supra. It must be dismissed. F.R.C.P. 12(b)(6).

> **iv.    Count IV** (Americans with Disabilities Act) Fails to Allege Sufficient Facts Upon Which to State a Claim.

The Americans with Disabilities Act ("the ADA") requires that:

> [n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

The purpose of the ADA is to "to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied." *Doe v. Pfrommer,* 148 F.3d 73, 82 (2d Cir.1998) (citing *Southeastern Comm. College v. Davis,* 442 U.S. 397, 410, 99 S.Ct. 2361, 2369 (1979)).  However, the ADA's mandate that disabled people be treated equally with non-disabled people does not mean that a court can delve into the quality of the services that are being offered.  *Doe*, 148 F.3d at 84.

Plaintiffs' complaint does not allege that Mr. Doe is being deprived a service because of his disability, or that he is not receiving benefits that non-disabled people receive. As such, it does not state a claim under the ADA.  See *Flight v. Gloeckler*, 68 F.3d 61, 64 (2d Cir.1995)(dismissal of ADA claim required where plaintiff did not allege disparate treatment as compared to the benefits given to non-handicapped individuals). Because complaints challenging the substance of services received by the plaintiff do not allege a violation of the ADA, *Doe*, 148 F.3d at 84, plaintiffs' Count IV must be dismissed.  F.R.C.P. 12(b)(6).

### v.   Count V (Vermont Fair Housing and Public Accommodations Act

The Vermont's Fair Housing and Public Accommodations Act  is to be "construed so as to be consistent with the Americans with Disabilities Act, 42 U.S.C. § 12101 [and] not intended to impose additional or higher standards, duties, or requirements than that Act." 9 V.S.A. § 4500.  Thus, allegations that do not

violate the requirements of the ADA cannot serve as the foundation for a violation of the Fair Housing and Public Accommodations Act.

As noted previously, plaintiffs do not allege that Mr. Doe is being deprived a service because of his disability or that he is not receiving benefits that non-disabled people receive. Thus no cause of action is stated under the Vermont statute. 9 V.S.A. § 4500; *Flight v. Gloeckler*, 68 F.3d 61, 64 (2d Cir.1995)(dismissal of ADA claim required where plaintiff did not allege disparate treatment as compared to the benefits given to non-handicapped individuals).

### vi.    Count VI (Negligence)

Plaintiffs bring a state tort claim of negligence against DAIL and its officers. The Eleventh Amendment bars unconsented to state-based causes of action brought via pendent jurisdiction. See *O'Neill v. Rutland Cnty. State's Att'ys Off.*, No. 2:16-CV-196, 2016 WL 7494857, at *3 (D. Vt. Dec. 29, 2016)(citing *Raygor v. Regents of Univ. of Minn.,* 534 U.S. 533, 540–41 (2002) (affirming that "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court"). As such, and damage award for negligence would, by its nature, be beyond the federal court's jurisdiction. *Raygor*, supra. Plaintiffs' negligence count must be dismissed.

In addition, plaintiffs fail to state what specific act or omission the individual state officials or DAIL did or failed to do. As such, their claim is not sufficiently pled. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

### vii.    Retaliation

As with many of plaintiffs' other counts, plaintiffs' retaliation count fails to state what specific act or omission the individual state officials or DAIL did or failed to do.  As such, their claim is not sufficiently pled.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

**RESPECTFULLY SUBMITTED.**

Dated at Waterbury, Vermont this 20th day of December, 2022.

STATE OF VERMONT

SUZANNE R. YOUNG
ATTORNEY GENERAL

By: _____
     Edward M. Kenney
     Assistant Attorney General
     280 State Drive
     Waterbury, Vermont 05671-2080
     (802) 798-9090
     ted.kenney@vermont.gov