UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| LINDA LUXENBERG and | ) | |
| KELCEY LUXENBERG, as | ) | |
| Guardians and next best friends of | ) | |
| JOHN DOE; and | ) | |
| LINDA LUXENBERG, for herself, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| VERMONT DEPARTMENT OF | ) | Case No.: 2:22-cv-00188-cr |
| DISABILITIES, AGING AND | ) | |
| INDEPENDENT LIVING; | ) | |
| MONICA WHITE in her official and | ) | |
| individual capacities; JENNIFER | ) | |
| GARABEDIAN, in her official and | ) | |
| individual capacities; WASHINGTON | ) | |
| COUNTY MENTAL HEALTH | ) | |
| SERVICES, INC., and MARY | ) | |
| MOULTON, in her official and | ) | |
| individual capacities; | ) | |
|     Defendants. | | |

<u>ANSWER of THE VERMONT DEPARTMENT OF DISABILITIES, AGING AND
INDEPENDENT LIVING, MONICA WHITE and JENNIFER GARABEDIAN to
PLAINTIFFS' AMENDED COMPLAINT filed FEBRUARY 6, 2023[1] and JURY
DEMAND</u>

Now come defendants, the Vermont Department of Disabilities, Aging and

Independent Living ("DAIL"), DAIL Commissioner Monica White and Jennifer

Garabedian, Director of DAIL'S Developmental Disabilities Services Division,

through counsel, and hereby ANSWER the Plaintiffs' October 18, 2022 *Verified*

*Complaint.*

---

[1] The undersigned believes that the Court orally granted Plaintiff's February 6, 2023 Motion to Amend Complaint at the Status Conference held on March 24, 2023 relative to the state defendants.

1.     ADMITTED.

2.     ADMITTED, although there is a pending (but inactive) motion in the
       Washington Probate Division of the Vermont Superior Court seeking to
       remove the co-guardians.

3.     DENIED.

4.     ADMITTED.

5.     ADMITTED.

6.     ADMITTED.

7.     ADMITTED that Washington County Mental Health Services ("WCMHS")
       is a non-profit organization in Vermont and is a Designated Agency that is
       part of Vermont's system of providing services to people with disabilities.
       Defendants lack knowledge or information sufficient to form a belief about
       the truth of the averment that WCMHS independently receives federal
       funding and thus DENY said averment.

8.     ADMITTED.

9.     ADMITTED that Lamoille County Mental Health Services ("LCMHS") is a
       non-profit organization in Vermont and is a Designated Agency that is
       part of Vermont's system of providing services to people with disabilities.
       Defendants lack knowledge or information sufficient to form a belief about
       the truth of the averment that LCMHS independently receives federal
       funding and thus DENY said averment.

## JURISDICTION AND VENUE

10.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

11.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

12.    ADMITTED that all defendants either reside in Vermont or are Vermont state governmental entities or Vermont nonprofit organizations. Defendants lack knowledge or information sufficient to form a belief about whether all plaintiffs are residents of Vermont or if all acts or omissions occurred within Vermont and thus DENY said averment.

13.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

14.    This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

15.     This paragraph contains only citations to the law and requires no response.  To the extent a response if required, defendants DENY this averment.

16.    This paragraph contains only citations to the law and requires no
response.  To the extent a response if required, defendants DENY this
averment.

17.    This paragraph contains only citations to the law and requires no
response.  To the extent a response if required, defendants DENY this
averment.

18.    This paragraph contains only citations to the law and requires no
response.  To the extent a response if required, defendants DENY this
averment.

19.    This paragraph contains only citations to the law and requires no
response.  To the extent a response if required, defendants DENY this
averment.

20.    This paragraph contains only citations to the law and requires no
response.  To the extent a response if required, defendants DENY this
averment.

21.    This paragraph contains only citations to the law and requires no
response.  To the extent a response if required, defendants DENY this
averment.

22.    ADMITTED.

23.    ADMITTED.

24.    ADMITTED that Designated Agencies are obligated by DAIL to provide
services to eligible individuals in each of Vermont's 14 counties (each

referred to as a "catchment area"). Admitted that Designated Agencies must provide services directly or contract with other providers or individuals to deliver support and services consistent with available funding, state and local System of Care Plans and state and federal guidelines.

25.    This paragraph contains only citations to the law and requires no response. To the extent a response if required, defendants DENY this averment.

26.    ADMITTED that WCMHS is the Designated Agency for Washington County, where John Doe resides. Whether a Designated Agency "is obligated" to provide John Doe services that comport to plaintiffs' description ("obligated to provide adequate services to him and his family which comport with the above-described legal framework") is a legal conclusion to which no response is required. To the extent a response if required, defendants DENY this averment.

## FACTUAL ALLEGATIONS

27.    ADMITTED.

28.    ADMITTED.

29.    ADMITTED that Doe lived in a house in Waitsfield, Vermont, and was assisted by Upper Valley Services. DENIED that Upper Valley

Services is a Specialized Services Agency. ADMITTED that Upper

Valley Services receives funding from DAIL.

30.     ADMITTED that Doe experienced a crisis and was transported to

Dartmouth-Hitchcock Medical Center ("DHMC"). The averment that he

was unable thereafter to return to Waitsfield and was thus forced stay

in the ED until a residential placement was arranged is DENIED.

31.     DENIED that "Plaintiff Doe was stuck at DHMC;" ADMITTED that, at

that time, a team that included DAIL was formed to work towards

developing a residential placement for Plaintiff. ADMITTED that the

planning team has continued to meet, and that the members and

frequency of meetings have changed. DENIED that DAIL's engagement

with this team has not been consistent; ADMITTED that defendant

Jennifer Garabedian has been the member representing DAIL at the

regular meetings starting in March 2022.

32.     ADMITTED that Commissioner White "attended meetings" and "has

been briefed about ongoing issues related to the care and services for

plaintiff Doe." To the extent that this paragraph intends to allege that

Commissioner White attended all meetings or was or is aware of all

ongoing issues, this averment is DENIED.

33.     ADMITTED that one option the team identified for Doe was a short-

term crisis bed owned and operated by the Vermont Crisis Intervention

Network ("VCIN"). ADMITTED that Linda Luxenberg was Doe's sole

guardian and that she expressed concerns that the VCIN crisis bed may not be a safe placement for Doe and could be detrimental to him.

34.    DENIED that Linda Luxenberg's guardianship was terminated "as a result" of her expression of concerns.  ADMITTED that the Office of Public Guardian, a division of DAIL, was appointed. Linda Luxenberg was removed from the guardianship pursuant to a petition filed by Dartmouth Hitchcock Medical Center, after an evidentiary hearing, by a judge of the Vermont Superior Court, Washington Probate Division.

35.    ADMITTED that Doe was thereafter moved to the VCIN crisis bed with his new guardian's approval on or around August 13, 2020 and that Doe was re-hospitalized shortly thereafter. DENIED that "Linda's concerns proved correct."

36.    ADMITTED as to Mike Chapman offering suggestions.  To the extent this paragraph intends to allege that Mr. Chapman's suggestions should have been dispositive they are DENIED.

37.    ADMITTED that no Functional Behavioral Analysis was conducted; the term "balance" in the context of this paragraph is amorphous and thus the remainder of this averment is DENIED.

38.    ADMITTED.

39.    ADMITTED that Doe's home is in a remote area of Marshfield. Defendants lack knowledge or information sufficient to form a belief about the truth of the averment regarding the population of the town of

Marshfield and thus DENY this averment. ADMITTED that cameras have been installed in the house (except bedroom and bathroom) and that WCMHS staff can monitor Doe from an attached room that is inaccessible to him.

40.     ADMITTED that Doe has needed "two to one" staffing at all times at the Marshfield residence (meaning there are always two staff members available to assist him). Defendants DENY the characterization that WCMHS has failed to appropriately staff the program; ADMITTED that WCMHS has relied upon VCIN to provide short-term, rotating staff.

41.     ADMITTED, although DAIL does not allocate more than one year's funding at a time.

42.     ADMITTED.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of these averments and thus DENY said averment.

44.     ADMITTED that WCMHS consulted with third parties.  ADMITTED that the DAIL Commissioner Monica White terminated at least one such consultation contract; DENIED that said consultant made expert recommendations.

45.     ADMITTED as to the chronology of the events; defendants are without knowledge as to whether Kate Panaccione "observed" Doe and therefore DENY this averment; any implication that Kate Panaccione's contract was terminated because she "objected" to Doe's care is DENIED.

46.    ADMITTED that Doe responds well when he has a calendar to which to refer. The remainder of these allegations are imprecise; Defendants therefore lack knowledge or information sufficient to form a belief about their truth thus DENY said averment.

47.    DENIED.

48.    ADMITTED that Doe's initial behavior support plan (from August of 2020), current support plan, and communication plan all include recommendations for written or visual communications. DENIED that "… staff at WCMHS and VCIN often attempt to communicate with Doe verbally, which impedes his ability to communicate and often frustrates him."

49.    ADMITTED that Melmark conducted another evaluation of Doe in August and September, 2021.  ADMITTED that the evaluation states the remainder of the averments in this paragraph.

50.    ADMITTED as to the state officials; defendants are without sufficient information regarding the remainder of the allegations in this paragraph and therefore DENY said allegations.

51.    ADMITTED.

52.    DENIED.

53.    DENIED.

54.    ADMITTED.

55.    ADMITTED.

56.    Defendants lack knowledge or information sufficient to form a belief about the truth of these averments and thus DENY said averment.

57.    DENIED.

58.    ADMITTED that the issues of consulting with an autism specialist, engaging a speech-language pathologist, and/or conducting sensory evaluations were discussed at team meetings at which DAIL representatives were present. DENIED that there were "failures."

59.    DENIED.

60.    Defendants lack knowledge or information sufficient to form a belief about the truth of these averments and thus DENY said averment.

61.    ADMITTED.

62.    DENIED.

63.    DENIED.

64.    DENIED.

65.    DENIED.

66.    DENIED.

67.    ADMITTED.

68.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment and thus DENY said averment.

69.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment and thus DENY said averment.

70.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment and thus DENY said averment.

71.    Admitted.

72.    Admitted that the co-guardians have communicated with individuals at DAIL and possibly emailed DAIL's General Counsel; the characterization that these communications were to procure "necessary services," etc., is DENIED.

73.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment and thus DENY said averment.

74.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment and thus DENY said averment.

75.    Defendants do not understand what is meant by "did nothing" and "no progress" and thus DENY said averment.

76.    DENIED.

77.    Defendants lack knowledge or information sufficient to form a belief about the truth of this averment therefore DENY said averment.

78.    ADMITTED that that the guardians identified potential individuals who might work with Doe; Defendants lack knowledge or information sufficient to form a belief about the truth of the averment that these individuals were available and qualified to work with Doe. DENIED that these suggestions were "ignored."

79.    ADMITTED, although there are other communications that would
provide proper context.

80.    ADMITTED with clarifications: DAIL and the Vermont Developmental
Disabilities Services Division's role is/are to administer and oversee the
System of Care for Vermonters with intellectual and developmental
disabilities, not to manage day-to-day supports, including work related
to the development of transitional planning. As laid out in the Vermont
State System of Care Plan for Developmental Disabilities, the Division
has a role in approving transition plans and addressing conflicts, as
necessary.

81.    DENIED that WCMHS decided to withdraw services because Doe's
guardians had complained about WCMHS.  The remainder of the facts
contained in this paragraph, while misleadingly incomplete, are
admitted.

82.    ADMITTED; plaintiffs nonetheless exercised their right to appeal
without incident or delay.

83.    DENIED.

84.    DENIED.

85.    DENIED; although Defendants knew that WCMHS intended to
withdraw as service provider at some point.

86.    DENIED.

87.    DENIED that defendants are "terminating services;" Defendants lack

knowledge or information sufficient to form a belief about the truth of

the remaining averments and therefore DENY said averments.

88.    ADMITTED.

89.    ADMITTED as to the October 5, 2022 meeting.  It was agreed that Doe

should not be without a place to live; DAIL/DDSD offered a potential

transition option utilizing the Intensive Transition Supports location in

Lamoille County (supported through LCMHS).  Doe's guardian was not

in support and indicated that they would not support continued

exploration.  The teams agreed that more work was needed to develop a

transition plan.  Doe's guardians indicated that they wanted to focus

efforts on transition planning between agencies and not a short-term

option.

90.    ADMITTED that an October 5, 2022 email was sent.  The document

transmitted was not a "draft transition proposal;" it lacked sufficient

information and elements of a transition plan.  DAIL responded to Doe's

guardian (through her attorney) around the need for more information.

91.    ADMITTED.

92.    ADMITTED as to the date of the status conference; DENIED that Doe

would have been rendered "homeless and without support." ADMITTED

that the Human Services Board acknowledged receipt of correspondence

and did not indicate when a decision would be made.  The remainder of the averments in this paragraph are DENIED.

93.    ADMITTED as to the contents of the letter; the remainder of the averments in this paragraph are DENIED.

94.    ADMITTED that the guardians' attorney sent the email.  While not specifically denying the content of plaintiffs' counsel's email, the import and tenor as recounted in this paragraph are DENIED. ADMITTED that no specific response to the October 12, 2022 email was sent.

95.    ADMITTED as to the content of the communication.

96.    Defendants are unable to admit or deny who LCMHS intended to reference and thus DENY this averment.

97.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

98.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

99.    DENIED.

100.    Admitted that DAIL filed the motion in Washington Probate Division; the imputed averment that DAIL has not attempted to work collaboratively with Plaintiffs is DENIED.

101.    ADMITTED that the motion was filed.  The characterizations of DAIL's
motion before the Washington Probate Division are incomplete and thus
misleading and therefore are DENIED.

102.    DENIED.

103.    The terms "criticize" and "antagonize" are unfairly inaccurate and thus
DENIED.  DAIL's filing in the Washington Probate Division is
ADMITTED.  The "asserted reasons" are incomplete and thus are
DENIED.  The phrase "these efforts" in the context of the unfair,
incomplete and inaccurate averments in this paragraph are DENIED.

104.    DENIED that the "temporal relationship" of the averments in this
paragraph are "revealing."

105.    DENIED.

106.    DENIED.

107.    ADMITTED, although the phrase "took over Doe's Medicaid Waiver
budget" is unclear and therefore DENIED.

108.    ADMITTED.

109.    Defendants lack knowledge or information sufficient to form a belief
about the truth of the remaining averments and therefore DENY said
averments.

110.    ADMITTED that the probate court issued the order. Defendants lack
knowledge or information sufficient to form a belief about the truth of
the remaining averments and therefore DENY said averments.

111.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

112.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

113.    DENIED.

114.    ADMITTED that LCMHS has contacted potential speech-language pathologists but has not been able to engage one yet.

115.    ADMITTED that LCMHS staff working directly with Doe have been trained in de-escalation. And have also reviewed the behavior support plan for Doe.  Defendants are without sufficient information to admit or deny whether "all" LCMHS staff working with Doe have been trained around his communication support plan or otherwise trained on how to effectively communicate with Doe, although it is known that Danielle Kent is schedule to perform a training on the Communication Support Plan on April 11, 2023.

116.    ADMITTED that the iPad went missing. Defendants are without sufficient information to admit or deny when LCMHS ordered another one and therefore DENY this averment.  Admitted that Doe attended a medical appointment on January 9, 2023 and the appointment was

terminated after Doe became violent.  DENIED that this was likely because he was without effective means to communicate.

117.    ADMITTED, although Doe had a blood draw the week of March 27 and is current with all vaccinations.

118.    ADMITTED that Doe's guardians expressed concerns about Doe's gaining weight.  Defendants are without sufficient information to admit or deny whether the guardians scheduled a telehealth consult on January 23.  ADMITTED that LCMHS expressed concerns with having less than 24 hours to prepare Doe for the appointment but nevertheless attempted to accommodate it.  Defendants are without sufficient information to admit or deny the content of the communications between LCMHS personnel and the plaintiffs thereafter and therefore DENY the averments related thereto.  ADMITTED that DAIL has not "intervened" in this matter; ADMITTED that there are regulations regarding grievances and appeals.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining averments and therefore DENY said averments.

120.    DENIED.

## COUNT I: PROCEDURAL DUE PROCESS

121.    Defendants incorporate the responses made in all previous paragraphs.

122.    DENIED.

123.    DENIED.

124.    DENIED.

125.    DENIED.

## COUNT II: MEDICAID DUE PROCESS

126.    Defendants incorporate the responses made in all previous paragraphs.

127.    DENIED.

128.    DENIED.

129.    DENIED.

130.    DENIED.

## COUNT III: REHABILITATION ACT

131.    Defendants incorporate the responses made in all previous paragraphs.

132.    DENIED.

133.    DENIED.

134.    DENIED.

135.    DENIED.

136.    DENIED.

## COUNT IV: AMERICANS WITH DISABILIITIES ACT

137.    Defendants incorporate the responses made in all previous paragraphs.

138.    DENIED.

139.    DENIED.

140.    DENIED.

141.     DENIED.

142.     DENIED.

143.     DENIED.

144.     Admitted that the individually-named state defendants were operating

         in their official capacities; the reference to "plaintiff's allegations" is

         unclear and therefore DENIED.

145.     DENIED.

## COUNT V: VERMONT FAIR HOUSING AND PUBLIC ACCOMODATIONS ACT

146.     Defendants incorporate the responses made in all previous paragraphs.

147.     DENIED.

148.     DENIED.

149.     DENIED.

150.     DENIED.

151.     DENIED.

152.     DENIED.

## COUNT VI: NEGLIGENCE

153.     Defendants incorporate the responses made in all previous paragraphs.

154.     This paragraph contains only citations to the law and requires no

         response.  To the extent a response if required, defendants DENY this

         averment.

155.     DENIED.

156.    DENIED.

157.    DENIED.


## COUNT VII: RETALIATION

158.    Defendants incorporate the responses made in all previous paragraphs.

159.    DENIED.

160.    DENIED.

161.    ADMITTED that DAIL (with the approval of Monica White) filed

        pleadings in the Probate Division of the Vermont Superior Court seeking

        to remove Linda and Kelcey Luxenberg as Plaintiff Doe's guardians.

        The remaining averments in this paragraph are DENIED.

162.    Defendants lack knowledge or information sufficient to form a belief

        about the truth of the remaining averments and therefore DENY said

        averments.

163.    DENIED.


## COUNT VIII: VIOLATION OF RIGHT TO FREE SPEECH

164.    Defendants incorporate the responses made in all previous paragraphs.

165.    DENIED.

166.    DENIED.

167.    DENIED.

168.    DENIED.

WHEREFORE, defendants pray for judgment in their favor, together with damages, costs, attorney's fees (if allowed) and all other relief deemed just and equitable.

## AFFIRMATIVE DEFENSES

### GENERALLY

I.     The District Court lacks jurisdiction over the Vermont Department of Disabilities and Independent Living under the Eleventh Amendment to the Constitution.

II.    The District Court lacks jurisdiction over defendant Monica White and Defendant Jennifer Garabedian in their official capacities under the Eleventh Amendment to the Constitution.

III.   Defendant Department of Disabilities and Independent Living is immune from suit under the doctrine of sovereign immunity.

IV.    Defendant Monica White is immune from suit under the doctrine of sovereign immunity and qualified immunity.

V.     Defendant Jennifer Garabedian is immune from suit under the doctrine of sovereign immunity and qualified immunity.

VI.    The Plaintiffs lack standing because they have suffered no injury in fact;
the District Court has no jurisdiction.

    a.  Mr. Doe has not and will not lose his housing or benefits;

    b.  Linda Luxenberg has suffered no harm in fact.


## COUNT I: PROCEDURAL DUE PROCESS

I.    Failure to State a Claim:

    a.  <u>Insufficiency of Pleading</u>:

        i.  <u>Parties</u>: Plaintiffs have failed to plead that each individual
defendant, through that official's individual actions, has violated
the Constitution.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct.
1937, 1948, 173 L. Ed. 2d 868 (2009).

            1.  No specific actions are alleged (only bare legal
conclusions);

            2.  No specific defendant is tied to even the bare legal
conclusions asserted.

        ii.  <u>Lack of State Level Procedure</u>:  No lack of adequate procedural
due process is averred with specificity.

            1.  Plaintiffs have already availed themselves of the existing,
adequate state-level process by filing an appeal with the
Vermont Human Services Board.

    2. Plaintiffs have not availed themselves of the existing, adequate process to seek an expedited decision on their appeal.

## COUNT II: MEDICAID DUE PROCESS

I.    Failure to State a Claim:

    a.  <u>Parties</u>:

        i.  Plaintiffs have failed to plead that each individual defendant, through that official's individual actions, has violated Medicaid due process protections. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

            1. No specific actions are alleged (only bare legal conclusions);

            2. No specific defendant is tied to even the bare legal conclusions asserted.

    b.  <u>Lack of State Level Procedure</u>:  Plaintiffs' complaint does not allege a lack of adequate procedural due process with the required specificity.

        i.  Plaintiffs have already availed themselves of the existing, adequate state-level process by filing an appeal with the Vermont Human Services Board.

        ii.  Plaintiffs have not availed themselves of the existing, adequate process to seek an expedited decision on their appeal.

## <u>COUNT III: REHABILITATION ACT</u>

I.    <u>Insufficiency of Pleading</u>:

      i.    <u>Parties</u>: Plaintiffs have failed to plead that each individual

          defendant, through that official's individual actions, has violated

          the Rehabilitation Act. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129

          S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

          1.    No specific actions are alleged (only bare legal

              conclusions);

          2.    No specific defendant is tied to even the bare legal

              conclusions asserted.

      ii.    <u>Essential Element</u>:  Plaintiffs have failed to allege that any

          "discrimination" against Mr. Doe was the "sole reason" for

          defendants' alleged decision.

      iii.    <u>Nature of a Rehabilitation Act Claim</u>: Plaintiffs' complaint, at its

          root, asserts that defendants are not meeting a standard of care

          that the Rehabilitation Act creates; this statute does not create

          such a standard.

## <u>COUNT IV: AMERICANS WITH DISABILIITIES ACT</u>

I.    <u>Insufficiency of Pleading</u>:

      iv.    <u>Parties:</u> Plaintiffs have failed to plead that each individual

          defendant, through that official's individual actions, has violated

          the Americans with Disabilities Act (ADA). *Ashcroft v. Iqbal*,

556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

    1. No specific actions are alleged (only bare legal conclusions);

    2. No specific defendant is tied to even the bare legal conclusions asserted.

  ii. <u>Failure to State an ADA Claim:</u>  Plaintiffs allege neither that Mr. Doe is being deprived a service because of his disability, or that he is being refused a service that non-disabled people receive. As such, it does not state a claim under the ADA. *Flight v. Gloeckler*, 68 F.3d 61, 64 (2d Cir.1995)(dismissal of ADA claim required where plaintiff did not allege disparate treatment as compared to the benefits given to non-handicapped individuals).

## COUNT V: VERMONT FAIR HOUSING AND PUBLIC ACCOMODATIONS ACT

I. **Parties:**  Plaintiffs have failed to plead that each individual defendant, through the official's own individual actions, has violated the Vermont Fair Housing and Public Accommodations Act. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

    1. No specific actions are alleged (only bare legal conclusions);

    2.  No specific defendant is tied to even the bare legal conclusions asserted.

  ii.  **Failure to State an Fair Housing and Public Accommodations Act Claim:**  The Fair Housing and Public Accommodations Act is co-extensive with the Americans with Disabilities Act.  9 V.S.A. § 4500.  Plaintiffs do not allege that Mr. Doe either is being deprived a service because of his disability, or one that non-disabled people receive. As such, it does not state a claim under the statute. *Flight v. Gloeckler*, 68 F.3d 61, 64 (2d Cir.1995)(dismissal of ADA claim required where plaintiff did not allege disparate treatment as compared to the benefits given to non-handicapped individuals).

## COUNT VI: NEGLIGENCE

I.  **Parties:**  Plaintiffs have failed to plead that each individual defendant, through the official's own individual actions, has breached a standard of care owed plaintiff Doe.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

## COUNT VII: RETALIATION

I.  **Parties:**  Plaintiffs have failed to plead that each individual defendant, through the official's own individual actions, has retaliated against

plaintiff Doe. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).

## **COUNT VIII: VIOLATION OF RIGHT TO FREE SPEECH**

I.    Plaintiffs' complaint fails to state a cause of action; no allegation that state conduct would have chilled reasonable person was alleged.

## **DEFENDANTS' DEMAND FOR A JURY TRIAL**

Defendants DAIL, Commissioner Monica White, and Director Jennifer Garabedian hereby demand a jury trial for all causes of action so triable.

Dated at Waterbury, Vermont this 5th day of April, 2023.

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

By: _____
    Edward M. Kenney
    Assistant Attorney General
    280 State Drive
    Waterbury, Vermont 05671-2080
    (802) 798-9090
    ted.kenney@vermont.gov