Linda Luxenberg, obo Travis Luxenberg
29 Compass Point
Hilton Head, SC 29928

July 30, 2024

Honorable Jeffrey Kilgore
Vermont Superior Court
Washington Probate Division
65 State Street
Montpelier, Vermont 05602

Honorable Christina Reiss
US District Court for the District of Vermont
11 Elmwood Avenue
Burlington, VT 05401

Re. Request for Contractual Declaratory Judgment, on behalf of Travis Luxenberg Docket No. 62-1-20 Wnpr and Travis Luxenberg Case No. 2:22-cv-00188-cr

Dear Honorable Judge Kilgore and Honorable Judge Reiss,

As my son's legal guardian, deemed with following applicable laws, I am requesting a Declaratory Judgment. I will summarize the need below.

Travis has rights under the Fair Housing Laws, and I have the legal duty to consent to his medical and habilitative contracts in following VT H.171 law. This law defines that he is a vulnerable adult, regardless of residence.

When Travis was taken under the VT authority of Office of Public Guardian, he was placed in an 'unlicensed home and does not have a RESIDENCY AGREEMENT' in his case file.

He receives Developmental Home and Community Based Service Waiver funds, although he continues to be under a "Master Grant" collaboration and 'renting an unlicensed home' from Washington County Mental Health (Marshfield setting).

He chooses to move away from VT, closer to his mother, where he can live in a licensed home with all health and well-being safeguards met under Fair Housing Laws, and out of the "Intensive Transition Support" home. This ITS home is meant to be 'time limited' and there is no 'step down system in VT'. Instead, both LCMH and DAIL are attempting to remove my guardianship, as I won't consent to long-term crisis supports. https://ddsd.vermont.gov/intensive-transition-supports-initiative Please see the definition of these short term supports.

# Intensive Transition Supports Initiative

The intention of the Intensive Transition Supports Initiative is to provide time-limited supports for recipients of DD Home and Community-Based Services (HCBS) who are experiencing a crisis, and whose current needs exceed other available clinical and crisis supports in the DD services system. Intensive transition supports will be available to individuals who are eligible for DD Home and Community Based Services and who are experiencing extended periods of crisis including repeated emergency department use, the need for hospitalization, a stay at the Vermont Crisis Intervention Network (VCIN), or similar crisis episodes.

The goal of this initiative is to support individuals and their teams in the development of long-term supports in the community by providing additional expertise, consultation, training, and time to develop and implement those support plans. Individuals are intended to exit from intensive transition supports directly to their community provider location. The expected outcome of providing intensive transition supports is that people will experience increased stability in their living arrangements, improved ability to participate in their communities and that DDS community providers will have the tools they need to best support individuals with very complex needs.

The court stipulated contract with Kate Panaccione, Phd was meant to 'assess and facilitate services' in his setting, but instead DAIL fired her for reporting the setting to Adult Protective Services.

Please understand that the jurisdiction for this complaint is defined under the State of Vermont Human Rights Commission. However, this complaint is currently in Federal Court, and it is important for you to understand the applicable laws under my duties as legal guardian to protect my son's due process rights. https://hrc.vermont.gov/fair-housing-Know%20Your%20Rights

## Who must follow fair housing laws?

Anyone involved with renting (WCMH and LCMH), selling, zoning, or making financial decisions related to housing must follow these laws. These people include:

- Landlords (WCMH), property managers (LCMH), and their staff members (Master Grant entities)
- Condo associations
- Real estate agents, appraisers, banks, and others involved in the home selling process
- Zoning committee board members

Sometimes, people in these roles do not fully understand the law, and they say or do things that might be against the law.

Sometimes, people may know that their actions are discriminatory.

As both Designated Agencies, WCMH and LCMH contract or provide licensed settings under their own jurisdiction, they are aware of these laws. I believe that Travis' landlord (WCMH), property manager (LCMH), and staff (Master Grant participants) are knowingly violating these laws.

## Are there any exceptions in fair housing laws?

Yes, there are some special cases where different rules apply.

### Small Rental Properties

If the home is in a building with three or fewer units and <u>the owner or a member of the owner's immediate family lives in one of the units</u>, they do not need to follow the rules in the fair housing laws.

Travis lives in a small rental property, and the owner or member of the owner's immediate family DOES NOT LIVE THERE; therefore, there is NO EXCEPTION for WCMH and LCMH to waive the FAIR HOUSING LAW.

There have been multiple attempts of Travis' legal guardians to correct the 'out of compliance actions' of both parties. Neither Designated Agencies want to comply with the FAIR HOUSING LAWS and have stated that Travis is self-determined, although his medical records prove he is not. https://omb.report/icr/202102-0920-008/doc/108634500.pdf

Travis' functional assessment is reflected in his Melmark Assessment and referenced in other clinical assessments. In fact, multiple parties under DAIL jurisdiction know the FAIR HOUSING LAWS, as that is their purview to license them. And many of these parties are familiar with his Vineland Adaptive Rating scores that show he does not have the ability to assess risks and is not self-determined.
https://dail.vermont.gov/sites/dail/files/documents/DAIL_CommGroup_OrgChart.pdf

It is my understanding that this 'Fair Housing licensure was waived' while my son was under Office of Public Guardian, and his 'standard of care' was dictated by the state, (ignoring the fact that he is a vulnerable adult), rather than following VT Law.
https://legislature.vermont.gov/statutes/fullchapter/33/005

Travis has been under family guardianship since approximately May 2021. We have all collectively attempted to hold the Designated Agencies accountable to this law and hold WCMH and LCMH accountable to following Administrative Rules under DAIL https://dail.vermont.gov/sites/dail/files/documents/administrative-rules-on-agency-designation.pdf. This accountability includes: DAIL Behavior Support Guidelines https://ddsd.vermont.gov/sites/ddsd/files/documents/Behavior_Support_Guidelines10%272004.pdf, Health and Wellness Guidelines https://ddsd.vermont.gov/sites/ddsd/files/documents/health-and-wellness-standards-and-guidelines.pdf. Under legal guardian jurisdiction, we must consent to all medical and habilitative contracts and follow the applicable guidelines in use of Travis' federal funding. I cannot consent to the proposed Residency Agreement, as the Fair Housing licensing guidelines were waived without my consent and authorization. Centers for Medicaid mandated VT to comply with Residency Agreements on March 17, 2023. Yet VT has been aware of these issues since 2014. https://dvha.vermont.gov/global-commitment-to-health/conflict-of-interest-home-and-community-based-services

I, essentially lost my guardianship because I wanted to follow VT Laws and VT is operating with 'conflicts of interest', as referenced above. My son is a vulnerable adult and in need of a 'licensed setting', regardless of residence. I knew that upon losing my guardianship, and I know this now. (VT H.171) https://legislature.vermont.gov/Documents/2024/Docs/ACTS/ACT081/ACT081%20As%20Enacted.pdf)
My son was placed in an unlicensed setting, and I did not place him there.
https://legislature.vermont.gov/statutes/section/33/071/07107

## § 7107. Unlicensed homes

(a) The licensing agency shall adopt rules governing the identification of unlicensed residential care homes, nursing homes, assisted living residences, therapeutic community residences, and homes for persons who are terminally ill.

(b) No physician, surgeon, osteopath, chiropractor, or physician assistant licensed, certified, or registered under the provisions of Title 26; resident physician, intern, or any hospital administrator in any hospital in this State; registered nurse, licensed practical nurse, medical examiner, psychologist, mental health professional, social worker, probation officer, police officer, nursing home administrator, or employee; or owner, operator, or employee of a facility shall knowingly place, refer, or recommend placement of a person to such a facility if that facility is operating without a license.

(c) Any person listed in subsection (b) of this section who is licensed or certified by the State of Vermont or who is employed by the State or a municipality and who knows or has reason to believe that a facility is

operating without the license required under this chapter shall report the facility and address of the facility to the licensing agency.

VT's Attorney General and VT Secretary of Human Services are under 'final approval' to comply with health and well-being safeguards under the Contents of Travis' waiver' yet are making no efforts do so. https://dvha.vermont.gov/sites/dvha/files/doc_library/Vermont%20Statewide%20Transition%20Plan%20Final%20Approval%20Letter%202%20corrected.pdf Instead, I am being harassed and threatened to lose my guardianship (again), as I will not legally authorize the newly created 'Residency Agreement' as it has unfair bargaining terms and violates Travis' legal rights under FAIR HOUSING LAWS and the safeguards needed to address the functions of his behaviors in his Residency Agreement within the appropriate use of his federal waiver funds.

"The licensing agency has never produced the 'adopted rules' of the Marshfield setting, nor allowed me to see the "Master Grant". It is my understanding that Deceptive Business Practices are illegal under this law: https://legislature.vermont.gov/statutes/section/09/063/02453.

After doing an internet search, a VT Master Grant should look like this and includes 'performance measures': https://mentalhealth.vermont.gov/sites/mentalhealth/files/doc_library/DMH_Master_Grant_Performance_Measures_Template_FY18.pdf
*DMH will now be measuring some of the performance measures on behalf of the DA grantee. For other measures, where noted, the DA grantee shall provide DMH with an existing measure that the program collects and monitors quarterly to assess their own improvement. These measures must be reported using the form below. Reports are due to the program manager specified in the Master Grant no later than the end of the month following the close of the quarter (i.e. measure for quarter ending Sept 30 is due October 31st.) Stories behind the curve, Strategy, and Notes on Methodology must be included on the first quarterly submission and updated only as they significantly change.*

As my son's legal guardian, I need to be aware of this Provider Controlled setting and what behavioral obligations are 'expected' of my developmentally disabled son. Travis DOES NOT HAVE A MENTAL HEALTH DIAGNOSIS; he has a DEVELOPMENTAL DISABILITY. As I understand his legal rights, he is being wrongfully confined based on VT Title 33 law, which defines his rights and obligations of Designated Agencies under DAIL authority to (4) **be protected against unlawful and unnecessary restriction.**

There continues to be a Catch 22, and full transparency is needed.

I am respectfully requesting the court to 'file a declaratory judgment action' to include the "Master Grant contract and licensing status of the parties involved, also to include parties who authorizing Fair Housing Laws waived" and the "terms and obligations in this contract that dictate my son's Centers for Medicaid funded Residency Rights under this contract". I did not legally authorize it, and my attempts for transparency are being denied. Single State Agencies regulate themselves by the Fair Hearing Process, yet another Catch 22:
https://legislature.vermont.gov/statutes/section/13/047/02031

13 VSA 2031 states (g) The public policy of this State is that the standards of this section shall not apply or be introduced into evidence in any civil or administrative proceeding, whether to argue public policy, materiality, or for any other purpose.

The public policy and lack of transparency continues this Catch 22 and lack of resolution for my son. If the courts see fit to defer this case to the VT Human Rights Commission jurisdiction for conciliation, please advise in doing so.

Respectfully,

Linda Luxenberg                                  7/31/24