UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 NOV -5 PM 4:42

CLERK

BY _____
DEPUTY CLERK

LINDA LUXENBERG and
KELCEY LUXENBERG, as Guardians
and next best friends of JOHN DOE;
LINDA LUXENBERG, for herself; and
JOHN DOE,

Plaintiffs,

v.                                                         Case No. 2:22-cv-00188

VERMONT DEPARTMENT OF
DISABILITIES, AGING AND
INDEPENDENT LIVING; MONICA
WHITE, in her official and individual
capacities; JENNIFER GARABEDIAN,
in her official and individual capacities;
WASHINGTON COUNTY MENTAL
HEALTH SERVICES INC.; MARY
MOULTON, in her official and individual
capacities; and LAMOILLE COUNTY
MENTAL HEALTH SERVICES, INC.,

Defendants.

**ENTRY ORDER DENYING PLAINTFF LINDA LUXENBERG'S REQUEST FOR CONTRACTUAL DECLARATORY JUDGMENT AND GRANTING DEFENDANT DAIL's MOTION TO DISMISS REQUEST FOR CONTRACTUAL DECLARATORY JUDGMENT**
(Docs. 275, 277)

Plaintiffs Linda Luxenberg ("Plaintiff Linda Luxenberg") and Kelcey Luxenberg, as guardians and next best friends of John Doe; Linda Luxenberg individually; and John Doe (collectively "Plaintiffs") bring this action against Defendants Vermont Department of Disabilities, Aging and Independent Living ("DAIL"); Monica White ("Commissioner White"), in her individual capacity and her official capacity as the Commissioner of DAIL; Jennifer Garabedian ("Director Garabedian"), in her individual capacity and her

official capacity as the Director of DAIL's Developmental Disabilities Services Division; Washington County Mental Health Services Inc. ("WCMHS"); Mary Moulton, in her capacity as the Executive Director of WCHMS; and Lamoille County Mental Health Services, Inc. ("LCMHS") (collectively "Defendants"). Plaintiffs seek declaratory and injunctive relief arising out of Defendants' alleged termination of mental health services for John Doe without Plaintiffs' consent, failure to develop a transition plan of services for John Doe, and failure to provide funding for an appropriate placement for him.

On July 30, 2024, Plaintiff Linda Luxenberg mailed a Request for Contractual Declaratory Judgment, on behalf of John Doe, which was filed with the court on August 2, 2024. On July 31, 2024, Defendant DAIL filed a Motion to Strike and/or Dismiss Plaintiff Linda Luxenberg's Request for Contractual Declaratory Judgment on Behalf of John Doe. Plaintiff Linda Luxenberg did not file a reply, and the court subsequently took the motion under advisement.

Plaintiff Linda Luxenberg is self-represented. The remaining Plaintiffs are represented by James A. Valente, Esq., and Zachary D. Hozid, Esq. DAIL, Commissioner White, and Director Garabedian are represented by Edward M. Kenney, Esq. WCMHS, Ms. Moulton, and LCMHS are represented by Richard J. Windish, Esq., and Elizabeth A. Willhite, Esq.

I.   **Procedural and Factual Background.**

On February 26, 2024, Plaintiff Linda Luxenberg's former attorney, Zachary Hozid, filed a motion to withdraw as "plaintiffs'" attorney, (Doc. 239), which the court granted on March 1, 2024. (Doc. 242.) On that same date, Plaintiff Linda Luxenberg filed a notice of *pro se* appearance. (Doc. 240.) Attorney Hozid's motion to withdraw was challenged by Defendants, who argued the scope of the motion was unclear. (Doc. 243). The court clarified in a March 7, 2024 Order (the "March 7 Order"), stating:

> The court approved Attorney Zachary Hozid's motion to withdraw only for Plaintiff Linda Luxenberg, individually. (Doc. 242.) She has entered a *pro se* notice of appearance. The court agrees that she can only represent herself. *See Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent

2

anybody other than himself [or herself]."); *see also Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("It goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys.").

(Doc. 244) (emphasis in original).

In her pending motion, Plaintiff Linda Luxenberg seeks a declaratory judgment from both this court and the Vermont Superior Court, Washington Probate Division, as follows:

> I am respectfully requesting the court to 'file a declaratory judgment action' to include the "Master Grant contract and licensing status of the parties involved, also to include parties who authorizing Fair Housing Laws waived" and the "terms and obligations in this contract that dictate my son's Centers for Medicaid funded Residency Rights under this contract[.]"[] I did not legally authorize it, and my attempts for transparency are being denied. Single State Agencies regulate themselves by the Fair Hearing Process, yet another Catch 22: https://legislature.vermont.gov/statutes/section/13/047/02031[.] 13 VSA 2031 states[: "](g) The public policy of this State is that the standards of this section shall not apply or be introduced into evidence in any civil or administrative proceeding, whether to argue public policy, materiality, or for any other purpose.["]
>
> The public policy and lack of transparency continues this Catch 22 and lack of resolution for my son. If the courts see fit to defer this case to the VT Human Rights Commission jurisdiction for conciliation, please advise in doing so.

(Doc. 277 at 6.)

## II. Conclusions of Law and Analysis.

To the extent Plaintiff Linda Luxenberg's request for contractual declaratory judgment seeks relief on behalf of her son, John Doe, "[i]t is well settled that a person who is not an attorney may not represent another person in federal court." *Peters v. New York*, 2022 WL 16700292, at *3 (W.D.N.Y. Nov. 2, 2022) (citing *Berrios v. N.Y. City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009); *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "[A]ny representative of a minor or incompetent person . . . must be represented by an attorney in order to conduct the litigation[.]" *Syfert v. City of Rome*, 2022 WL

3

2180455, at *16 (N.D.N.Y. June 13, 2022) (alteration adopted) (internal quotation marks omitted) (citing *Berrios*, 564 F.3d at 134). To the extent Plaintiff Linda Luxenberg seeks a declaratory judgment on her own behalf, nothing precludes her from arguing she did not sign the Master Grant contract.

In its March 7 Order, the court clarified Attorney Hozid's motion to withdraw was granted only insofar as his representation related to Plaintiff Linda Luxenberg's individual claims in this lawsuit. Attorney Hozid remains the attorney of record for the remaining plaintiffs, including Plaintiff Linda Luxenberg's son, John Doe. Any motions or requests for relief on his behalf in this court must be filed by Attorney Hozid. Plaintiff Linda Luxenberg's request for a contractual declaratory judgment on John Doe's behalf is therefore DISMISSED. *Cf. Williams v. Rosenblatt Sec. Inc.*, 2016 WL 8296928, at *3 (S.D.N.Y. Nov. 23, 2016) (stating that in a case where a guardian *ad litem* is appointed, if counsel is not appointed, "the case then would not go forward at all[]") (alterations adopted) (internal quotation marks omitted) (citing *Berrios*, 564 F.3d at 134).

Plaintiff Linda Luxenberg's request for declaratory relief on her own behalf may be asserted in an amended complaint filed solely on her own behalf. In addition, Plaintiff Linda Luxenberg may have recourse before the Vermont Superior Court, Washington Probate Division, over which this court has no jurisdiction.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th day of November, 2024.

_____
Christina Reiss, Chief Judge
United States District Court