U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 NOV 26  AM 9:39

CLERK
BY _____LAW_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

LINDA LUXENBERG and )
KELCEY LUXENBERG, as Guardians )
and next best friends of JOHN DOE; )
LINDA LUXENBERG, for herself; and )
JOHN DOE, )
                                                                 )
Plaintiffs, )
                                                                 )
v. ) Case No. 2:22-cv-00188
                                                                 )
VERMONT DEPARTMENT OF )
DISABILITIES, AGING AND )
INDEPENDENT LIVING; MONICA )
WHITE, in her official and individual )
capacities; JENNIFER GARABEDIAN, )
in her official and individual capacities; )
WASHINGTON COUNTY MENTAL )
HEALTH SERVICES INC.; MARY )
MOULTON, in her official and individual )
capacities; and LAMOILLE COUNTY )
MENTAL HEALTH SERVICES, INC., )
                                                                 )
Defendants. )

**ENTRY ORDER GRANTING IN PART DEFENDANTS'**
**RULE 37 MOTION FOR SANCTIONS**
(Doc. 273)

        Plaintiffs Linda Luxenberg ("Plaintiff Linda Luxenberg") and Kelcey Luxenberg, as guardians and next best friends of John Doe; Linda Luxenberg individually; and John Doe (collectively "Plaintiffs") bring this action against Defendants Vermont Department of Disabilities, Aging and Independent Living ("DAIL"); Monica White ("Commissioner White"), in her individual capacity and her official capacity as the Commissioner of DAIL; Jennifer Garabedian ("Director Garabedian"), in her individual capacity and her official capacity as the Director of DAIL's Developmental Disabilities Services Division;

Washington County Mental Health Services Inc. ("WCMHS"); Mary Moulton, in her capacity as the Executive Director of WCHMS; and Lamoille County Mental Health Services, Inc. ("LCMHS").

In their Third Amended Complaint, Plaintiffs assert fourteen claims under federal and state law.[1] Plaintiffs seek declaratory and injunctive relief arising out of Defendants' alleged termination of mental health services for John Doe without Plaintiffs' consent, failure to develop a transition plan of services for John Doe, and failure to provide funding for an appropriate placement for him.

On July 24, 2024, Defendants WCMHS, Mary Moulton, and LCMHS (collectively "Defendants") filed a motion for sanctions under Fed. R. Civ. P. 37. Defendants seek (1) the preclusion of any evidence related to Plaintiff Linda Luxenberg's personal injuries; and (2) the dismissal of Plaintiff Linda Luxenberg's claims for physical, psychological, and emotional injuries. Plaintiff Linda Luxenberg did not respond to Defendants' motion.

Plaintiff Linda Luxenberg is self-represented. The remaining Plaintiffs are represented by James A. Valente, Esq., and Zachary D. Hozid, Esq. WCMHS, Ms. Moulton, and LCMHS are represented by Richard J. Windish, Esq., and Elizabeth A. Willhite, Esq.

## I.   Procedural and Factual Background.

On December 19, 2023, the court held oral arguments to address a discovery dispute related to Plaintiff Linda Luxenberg's medical and mental health records. The court issued an Order, stating: "Request to compel re-Linda Luxenberg medical and

---

[1] Plaintiffs assert Fourteenth Amendment claims for procedural due process (Count I) and Medicaid due process (Count II); Rehabilitation Act claims for risk of institutionalization for termination of service (Count III), increased risk of institutionalization due to the deliberate failure to provide necessary and identified services (Count IV), unjustified isolation (Count V), failure to reasonably accommodate communication needs (Count VI), and an associational claim (Count VII); Americans with Disabilities Act claims for retaliation (Count VIII), reasonable accommodations (Count IX), and risk of institutionalization (Count X); state law claims under the Vermont Fair Housing and Public Accommodations Act (Count XI), for negligence (Count XII), and retaliation (Count XIII); and a First Amendment claim for violation of the right to free speech (Count XIV).

2

mental health records-granted. Parties to meet, confer, and stipulate as to records that will be provided. [Plaintiff Linda Luxenberg] to provide those records by 1/5/2024." (Doc. 230.) Plaintiff Linda Luxenberg did not comply with the court's Order.

On March 27, 2024, Defendants filed a motion to compel Plaintiff Linda Luxenberg to execute releases authorizing "Defendants to obtain relevant medical and psychological records directly from providers." (Doc. 247 at 1.) On May 6, 2024, the court granted Defendants' motion in a Text Order stating:

> Linda Luxenberg is hereby ORDERED to provide signed releases authorizing Defendants . . . to obtain relevant medical and psychological records directly from Linda Luxenberg's providers to Defendants within twenty (20) days of the date of this Text Order. *Failure to do so may result in the imposition of sanctions, up to and including preclusion of evidence and dismissal of Linda Luxenberg's claims for her physical, psychological, and emotional injuries.*

(Doc. 256) (emphasis in original).

Pursuant to the court's Order, Defendants corresponded with Plaintiff Linda Luxenberg to obtain the releases. Plaintiff Linda Luxenberg refused to sign the releases and provided several reasons for her refusal to do so, including a statement representing that she did not intend to pursue personal injury claims on her own behalf except for the nominal sum of $1.

On May 17, 2024, in emails related to Defendants' initial email request to Plaintiff Linda Luxenberg to sign the releases, Plaintiff Linda Luxenberg stated: "All have been notified of my release of damage for personal injury, per notice by Attorney Hozid." (Doc. 273-5 at 2.) DAIL, through Assistant Attorney General ("AAG") Edward M. Kenney, replied to Plaintiff Linda Luxenberg, stating: "It is not correct that Zach Hozid gave anyone valid notice that you were releasing your personal claims in this case. . . . Moreover, your claims for personal injury-style damages were re-included in Mr. Hozid's recently filed Amended Complaint." *Id.* at 1. AAG Kenney noted a Stipulation was required to make clear Plaintiff Linda Luxenberg was relinquishing her claims and stated his willingness "to draft such a stipulation for [Plaintiff Linda Luxenberg's] review." *Id.* Plaintiff Linda

3

Luxenberg accepted AAG Kenney's offer.

On May 20, 2024, AAG Kenney forwarded a Stipulation to Plaintiff Linda Luxenberg, noting that he was acting on behalf of DAIL only. Counsel for the other Defendants was in the midst of a trial and was unable to approve the proposed Stipulation. Once these Defendants reviewed the document, they rejected it because Plaintiff Linda Luxenberg was not dismissing her personal injury claims but instead sought to preserve them by limiting her damages to $1. As of the filing of this motion, Plaintiff Linda Luxenberg has not executed a Stipulation confirming the release of her personal claims, nor has she provided Defendants with signed HIPAA releases.

## II. Conclusions of Law and Analysis.

Fed. R. Civ. P. 37 provides that "[i]f the court where the discovery is taken orders a deponent . . . to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Fed. R. Civ. P. 37(b)(1). "If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[,]" including: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[,]" and "dismissing the action or proceeding in whole or in part[.]" Fed R. Civ. P. 37(b)(2)(A).

"The imposition of sanctions under Rule 37 lies within the discretion of the district court[.]" *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49 (2d Cir. 1994). "Dismissal with prejudice is a harsh remedy to be used only in extreme situations . . . , and then only when a court finds willfulness, bad faith, or any fault on the part of the prospective deponent." *Id.* at 50 (internal quotation marks and alteration omitted) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)). A sanction of dismissal with prejudice is available "even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Id.* (emphasis in original).

The instant discovery dispute commenced in December 2023. In its most recent

4

Order, the court informed Plaintiff Linda Luxenberg that her failure to comply with the court's Order compelling her cooperation with discovery regarding her personal injury claims could lead to preclusion of evidence and dismissal of those claims. *Rose v. Vt. Mut. Ins. Co.*, 2007 WL 3333394, at *2 (D. Vt. Nov. 8, 2007) ("[S]eeking emotional distress damages is sufficient to bring the emotional condition into issue, opening the door for discovery into psychiatric records.") (internal quotation marks omitted) (quoting *Ruhlmann v. Ulster Cnty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 (N.D.N.Y. 2000)). Plaintiff Linda Luxenberg is apparently willing to abandon her personal injury and emotional distress claims. She, however, seeks to pursue a claim to nominal damages, presumably to preserve her right to request an award of attorney's fees.

In light of Plaintiff Linda Luxenberg's lack of compliance with this court's Orders and her statements that she is willing to abandon her claims to personal injury and emotional distress damages, the court finds that dismissal of those claims is proper. *See Zoulas v. N.Y. City Dep't of Educ.*, 400 F. Supp. 3d 25, 61 n.9 (S.D.N.Y. 2019) ("A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.") (citation and internal quotation marks omitted). This does not preclude a claim for nominal damages.

"[A] person who is awarded nominal damages receives 'relief on the merits of his [or her] claim[.]'" *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111 (1992)). Under Supreme Court precedent, nominal damages are available when a constitutional violation is established:

> Doubtless the basic purpose of a § 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights. For this reason, no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury. [The Court] ha[s] also held, however, that the denial of procedural due process should be actionable for nominal damages without proof of actual injury. The awarding of nominal damages for the 'absolute' right to procedural due process recognizes the importance to organized society that this right be scrupulously observed while remaining true to the principle that substantial damages should be awarded only to compensate actual injury. Thus, *Carey* [*v. Piphus*, 435 U.S. 247 (1978)] obligates a court to award nominal damages when a

5

plaintiff establishes the violation of his [or her] right to procedural due process but cannot prove actual injury.

*Farrar*, 506 U.S. at 112 (alterations adopted) (internal citations and quotation marks omitted); *see also Ruggiero v. Krzeminski*, 928 F.2d 558, 563 (2d Cir. 1991) ("[The Second Circuit has] directed lower courts to award nominal damages when substantive constitutional rights had been violated but no compensatory damages had been proved.") (citations omitted).

As a result, provided Plaintiff Linda Luxenberg establishes a violation of the United States Constitution, she may pursue an award of nominal damages, regardless of whether she proves compensatory damages. *See Smith v. Coughlin*, 748 F.2d 783, 789 (2d Cir. 1984) (ruling that "even when a litigant fails to prove actual compensable injury, he is entitled to an award of nominal damages upon proof of violation of a substantive constitutional right[]").

## CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Defendants' Rule 37 Motion for Sanctions. (Doc. 273.) Plaintiff Linda Luxenberg's personal injury and emotional distress claims are hereby DISMISSED. Plaintiff Linda Luxenberg may nonetheless pursue a claim for nominal damages.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of November, 2024.

Christina Reiss, Chief Judge
United States District Court